UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LESLIE ENGLE, | ) | CASE NO. 5:08CV2999 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED HEALTHCARE INSURANCE | ) | **ORDER** |
| COMPANY OF OHIO, et al., | ) | |
| | ) | [Resolving Doc. 8] |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 8). Plaintiff has filed her Opposition to the Motion (Doc. 20), and the Court has been advised, having considered the complaint, the motion, the opposition, and applicable law. For the reasons that follow, Defendants' motion is DENIED.

**I.     STATEMENT OF FACTS**

Plaintiff, Leslie Engle, filed her complaint against Defendants, United Healthcare Insurance Company of Ohio ("UHC"), Sharon Paul, and Optimum Benefits, Inc. ("Optimum") on December 24, 2008. The complaint contains eight counts, titled as follows: 1) ERISA, 2) Negligence, 3) Negligent Misrepresentation, 4) Reformation (In the Alternative), 5) Mandamus, 6) Statutory Damages, 7) Punitive Damages, and 8) Negligent Misrepresentation. Count one alleges that defendant UHC wrongfully denied Engle benefits to which she was entitled under an ERISA-governed plan. Count two alleges that Paul and Optimum were negligent in advising in Engle to select the UHC plan at issue. Count three alleges that Paul and Optimum negligently misrepresented that Engle's coverage would continue under her new policy. The remaining counts are not at issue for the purposes of this motion.

On February 27, 2009, Paul and Optimum moved to dismiss the claims against them. Engle responded in opposition on March 25, 2009. The Court now resolves the motion.

## II. LEGAL STANDARD

The Sixth Circuit has recognized that there are generally two types of challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1): facial challenges and factual challenges. *Gentek Bldg. Prods., Inc., v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence[.]" *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "[W]here subject matter jurisdiction is challenged under Rule 12(b)(1) . . . the *plaintiff* has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (original emphasis).

## III. ANALYSIS

Paul and Optimum appear to initially assert that Engle has not alleged an ERISA claim against any of the defendant entities. It is not entirely clear that this argument is maintained throughout the motion. ("She seeks redress under ERISA only against [UHC] for denying her coverage[.]" Doc. 8 at 5.)). To the extent that Paul and Optimum maintain this argument, it is rejected.

Count one of Engle's complaint clearly states a claim under ERISA. Specifically, Engle alleges that she was wrongly denied benefits, including benefits related to her Enteral feedings. Contrary to the moving parties' contentions, Engle has never admitted that her Enteral feedings were not covered. Instead, she has alleged that UHC informed her that her feedings were not

covered.  It is that decision that she is challenging in count one of her complaint under ERISA. There is no question that the plan at issue is an ERISA plan.  Furthermore, count one alleges that benefits were wrongly denied under the plan.  As such, any contention that count one does not state an ERISA claim is hereby rejected.

Paul and Optimum are correct that the remaining claims in the complaint do not contain federal questions.  To that extent, Engle raises no argument that said claims standing alone support jurisdiction.  Instead, the parties differ with respect to whether this Court has supplemental jurisdiction over the remaining claims.  The Court finds that exercising such jurisdiction is appropriate under the facts plead in the complaint.

28 U.S.C. §1367(a) provides in pertinent part as follows:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Claims form part of the same case or controversy when they "derive from a common nucleus of operative facts."  *Harper v. AutoAlliance Internat'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (quoting *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454-55 (6th Cir. 1996)).

The Court finds no merit in the argument raised by Paul and Optimum.  The state law claims plead against Paul and Optimum focus upon their representations to Engle regarding her choice of health care plans.  Ultimately, Engle chose the plan with UHC that is at issue in count one.  In order for Engle to prove damages against Paul and Optimum, she would likely need to lose her claim that she is entitled to benefits under the UHC plan.  That is, if this Court were to find that UHC properly denied Engle benefits, she would then likely be able to demonstrate damages in her claims against the agency benefits.  On the other hand, if Engle were successful

on count one, she would likely be unable to demonstrate damages or even a misrepresentation to support her claims against the agency defendants.  Accordingly, the Court finds that each of Engle's claims arises from the same set of operative facts.  The Court, therefore, finds it appropriate to exercise supplemental jurisdiction over Engle's state law claims against Paul and Optimum.

## IV. CONCLUSION

The motion to dismiss (Doc. 8) is DENIED.

IT IS SO ORDERED.

Date:  April 13, 2009              /s/ John R. Adams
                                    Judge John R. Adams
                                    UNITED STATES DISTRICT COURT